IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| JEFFREY S. CARROLL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19-06098-CV-SJ-DPR-SSA |
| | ) | |
| ANDREW M. SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Plaintiff filed a complaint seeking judicial review of a decision of the Commissioner of Social Security denying his applications for a period of disability and disability insurance benefits under Title II of the Social Security Act.

The Court reviews a final decision of the Commissioner pursuant to 42 U.S.C. §§ 405(g). The Court must affirm if the decision is "supported by substantial evidence on the record as a whole." *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010). Substantial evidence is "less than a preponderance but is enough that a reasonable mind would find it adequate to support" the decision. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). The Court considers the evidence that both supports and undermines the decision. *Id*. Where it is "possible to draw two inconsistent positions from the evidence," the Court must affirm where "one of those positions represents the Commissioner's findings." *Id*.; *see also Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992). In other words, a court should not disturb the denial of benefits by an Administrative Law Judge ("ALJ") if the decision "falls within the available zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). A decision may fall within the "zone of choice" even where the court "might have reached a different conclusion had [the court] been the initial finder of fact." *Id*.

(quoting *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008)).  A reviewing court is directed to "defer heavily to the findings and conclusions" of the Social Security Administration.  *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

In his brief, Plaintiff argues the ALJ failed to fully and fairly develop the record and failed to properly evaluate his post-laminectomy syndrome.  Thus, according to Plaintiff, the RFC is unsupportable and the ALJ's decision is not supported by substantial evidence.

Because the parties have thoroughly briefed the record, the law, and their arguments, the Court will not repeat them here.  Upon review, the Court agrees with the arguments presented by the Commissioner.  Accordingly, for the reasons set forth by the Commissioner in his brief, the Court finds that substantial evidence on the record as a whole supports the ALJ's findings and conclusions.  Therefore, the Commissioner's final decision is **AFFIRMED**.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: July 1, 2020